GERTRUDE ALLEN *vs.* EMILE A. PEPIN, *C. T.*

HENRY ALLEN *vs.* SAME.

MAY 28, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Capotosto, J.   These are two cases of trespass on the case for negligence by husband and wife against the defendant, as city treasurer of the city of Woonsocket, for injuries to the plaintiff wife as the result of a fall due to the alleged unsafe condition of a sidewalk in that city.   The cases were tried together before a justice of the superior court sitting with a jury.   At the conclusion of the evidence the defendant moved for a directed verdict in each case, which motions were denied.   The jury returned verdicts for the respective plaintiffs.   Defendant's motion for a new trial in each case was heard and granted.   The cases are before us on defendant's exceptions to the denial of his motions for directed verdicts and on plaintiffs' exceptions to the granting of defendant's motions for a new trial.   In the circumstances we shall hereinafter treat the two actions as one case with a single plaintiff, the wife, since the liability and evidence in both cases are the same.

We will now consider defendant's exception to the denial of his motion for a directed verdict.   Under this exception he contends (1) that the condition of the sidewalk complained of did not constitute such a defect as to impose liability; and (2) that the plaintiff was guilty of contributory negligence as a matter of law.

The following facts in evidence are undisputed. About 2 p.m. on Saturday, August 3, 1946, the plaintiff fell on the easterly sidewalk of Main street in front of premises numbered 253-255 on that street. The place of the accident is in the shopping district and well-traveled. The sidewalk is of cement concrete. In September 1941 a sizable area in that sidewalk was dug up by the city water department for repairs. On completion of this work the surface of that area, hereinafter called the patch, was covered with a ready-mix patching material which, on setting and in time, left a depression about one half an inch in depth, darker in color than its surroundings, and with "sharp" edges. It is also undisputed that on June 13, 1946, which was prior to the accident under consideration, Lillias W. Macker filed a claim for damages with the city for injuries sustained by her when, on May 14, 1946, she fell because of the same defective condition of the sidewalk that is involved in the instant case.

In addition to such undisputed evidence Costa Andry, a witness for the plaintiff, testified that he ran a "shoe shine parlor" at 253 Main street, only a few feet from the patch; that, in the course of about four years, he had seen at least ten or twelve persons stumble or fall on that patch; and that he himself had picked up two persons who had actually fallen at that place. On cross-examination he stated that he kept no record of such occurrences as they did not concern him.

The plaintiff's uncontradicted testimony is the only evidence on the question of her due care. She testified that at the time of the accident she had a large pocketbook and some packages in her arms; that she was looking straight ahead; that, while so walking, she tripped when she stepped in the depression and was suddenly thrown forward; and that she had not observed the depression until after she had fallen as "there were a lot of people" on the street that day. In cross-examination the defendant tried to show that the plaintiff must have known of the patch and its condition as

her place of employment was in that vicinity, but she testified that in going to and from such place, which apparently was reached from the westerly sidewalk of Main street, she had no occasion to use the easterly or patched sidewalk. She did admit, however, that on the day of the accident she had walked on the easterly sidewalk and had failed to notice the patch when she went to the store from which she was returning at the time of her fall.

In the circumstances of record we find no error in the denial of defendant's motion for a directed verdict. Whether the condition of the patch was such as to constitute a menace to pedestrians and whether the plaintiff was in the exercise of due care at the time of the accident were clearly questions of fact for determination by a jury. It is well settled that in passing on a motion for a directed verdict the evidence and the reasonable inferences therefrom must be viewed most favorably to the plaintiff, and that a verdict should not be directed unless the only reasonable conclusion that can be drawn from such a view of the evidence is that the plaintiff is not entitled to recover. The evidence here does not warrant the granting of defendant's motion for a directed verdict. Defendant's exception is overruled.

The only other exception before us is plaintiff's exception to the granting of defendant's motion for a new trial. We find error in this ruling of the trial justice. Disregarding our well-known rule governing the disposition of a motion for a new trial, he decided that, notwithstanding the jury's verdict and as a matter of law, the patch did not constitute such a defect as to impose liability on the defendant. In his decision from the bench he said: "This case is a perfect case for the plaintiff in every detail except a defect in the sidewalk. * * * this Court feels that it is its duty to say that the condition which existed on this Woonsocket sidewalk was not a defect."

In accordance with the charge of the court the verdict necessarily included a finding that the sidewalk at the place

of the accident was not reasonably safe for pedestrians. If the verdict was the result of an error of law, such error could not be reviewed by the same court. On the hearing of a motion for a new trial on the ground that the verdict is contrary to law, the only question open for the trial justice to consider is whether the jury accepted and followed the law as stated by him at the trial. *Mingo* v. *Rhode Island Co.,* 42 R. I. 543. As far as he is concerned, the law that he gave to the jury in the charge remains the law of the case in his consideration of a motion for a new trial. *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.,* 58 R. I. 190, 193.

The ruling under discussion may be tested from another viewpoint. The undisputed and unimpeached evidence in the case with reference to the dangerous condition of the patch was such that in the special circumstances in evidence different minds could naturally and fairly come to different conclusions. There is nothing in the decision to show that the jury was governed by any improper motive or that it failed to follow the instructions of the court as to the kind of defect that would make the defendant liable; nor is the credibility of the plaintiff and her witnesses questioned in any way. In such a case a trial justice has no right to disturb the finding of the jury even though his own judgment might incline him the other way. His duty in deciding a motion for a new trial after verdict has been repeatedly set forth. *Hovas* v. *Cirigliano,* 70 R. I. 227, *Nichols* v. *New England Tel. & Tel. Co.,* 57 R. I. 180, and cases cited. In the instant case the trial justice trespassed upon the province of the jury.

In each case the defendant's exception is overruled and that of the plaintiff is sustained, and each case is remitted to the superior court for the entry of judgment on the verdict.

*Higgins & Silverstein,* for plaintiffs.

*Irving I. Zimmerman,* City Solicitor, for defendant.